# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

August 2, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**GARY DUFFIELD,**
**Claimant Below, Petitioner**

**vs.)   No. 16-0808** (BOR Appeal No. 2051154)
(Claim No. 2011036937)

**KOKOSING CONSTRUCTION COMPANY, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Gary Duffield, by Patrick K. Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Kokosing Construction Company, Inc., by James W. Heslep, its attorney, filed a timely response.

The issue on appeal is the amount of permanent partial disability Mr. Duffield is entitled to for occupational hearing loss. The claims administrator granted a 5.68% permanent partial disability award for hearing loss and closed the claim for permanent partial disability on March 16, 2015. The Office of Judges affirmed the decision in its February 16, 2016, Order. The Order was affirmed by the Board of Review on August 17, 2016. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Duffield, a heavy equipment operator, filed a report of occupational hearing loss on April 12, 2011. He worked for Kokosing Construction Company, Inc., from January of 2007 through July of 2008 as a heavy equipment operator. Attached was an audiogram signed by Charles Crigger, M.D., on April 12, 2011. It noted moderate to severe sensorineural hearing loss on the right and mild to severe hearing loss on the left. Dr. Crigger opined that the hearing loss was directly attributable to or perceptibly aggravated by industrial noise exposure in the course of his employment. He assessed 8.8% impairment. Mr. Duffield was first diagnosed on April 12,

1

2011. In a May 3, 2011, treatment note, Dr. Crigger diagnosed noise induced hearing loss, mild to severe sensorineural hearing loss, bilaterally. He recommended 8.8% impairment per Appendix C in 1986 revisions of the West Virginia Workers' Compensation Fund procedure for calculating whole man impairment for hearing loss.

In a February 11, 2015, independent medical evaluation, David Phillips, M.D., noted that Mr. Duffield reported hearing loss over several years. He was retired with a date of last exposure of July 23, 2008. He had a thirty-eight year history of exposure to heavy equipment. Dr. Phillips found mild sloping to severe bilateral high frequency sensorineural hearing loss with significant low frequency loss in the 500-2000 hertz range. Speech discrimination was 92% in the right ear and 88% in the left. Dr. Phillips noted that Dr. Crigger calculated an overall, adjusted impairment rating of 8.8%. Dr. Phillips stated that there is discrepancy in the test-retest reliability, as Mr. Duffield has four frequency totals in air of 215 decibels in the right ear and 220 in the left, in 2011. That compares to four frequency air condition currently of 170 in both ears. Therefore, current thresholds are significantly better than those in 2011 and are beyond the fifteen decibel range of test-retest reliability. Dr. Phillips stated that Mr. Duffield does have an occupational history sufficient to cause occupational noise induced hearing loss. He also has significant past medical history of diabetes, hypertension, and elevated cholesterol, all of which may contribute to hearing loss. He stated that this is demonstrated in the lower frequency ranges and when performing an impairment rating he would use their current testing and adjust the 500 and 1000 hertz threshold in both ears to twenty decibels. That adjustment results in 135 decibel four frequency for the right ear and 140 for the left. This equates to 5.68% impairment.

A May 28, 2015, audiology report from Randy Mabry, M.D., indicates that otoacoustic emissions test results absent emissions at test frequencies and that pure tone testing is not consistent with the last test performed on January 20, 2015. The speech reception threshold and pure tone average were not in agreement. In a May 28, 2015, review report, P.C. Corro, M.D., stated that based on a review of the record, Mr. Duffield's current audiogram performed by Dr. Mabry shows only a fair test reliability because the speech reception threshold and pure tone average are not in agreement. Prior to that, on April 12, 2011, an audiogram was performed by Dr. Phillips's office and there is a marked difference in the pure tone. Dr. Corro concurred with Dr. Phillips's February 11, 2015, evaluation for adjusting the low frequency as this does not suggest a noise induced type of hearing loss in the low frequency. He recommended a hearing aid evaluation and fitting for a trial.

On March 16, 2015, the claims administrator granted a 5.68% permanent partial disability award for hearing loss and closed the claim for permanent partial disability. The Office of Judges affirmed the decision on February 16, 2016. It found that Dr. Phillips, who evaluated Mr. Duffield in 2015, determined that he has 5.68% hearing loss. Dr. Corro concurred. Dr. Crigger, in 2011, found 8.8% impairment. Sensorineural hearing loss does not improve with time which insinuates that Mr. Duffield has mixed etiologies. The Office of Judges noted that Dr. Crigger did not have as much information as Drs. Phillips and Corro upon which to base his determination. Accordingly, the Office of Judges concluded that Dr. Phillip's findings were the most reliable of record. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on August 17, 2016.

After review, we agree with the reasoning of the Office of Judges and conclusions of the Board of Review. Dr. Phillips's independent medical evaluation was credible and reliable. Neither the Office of Judges nor Board of Review erred by relying on his opinion.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: August 2, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker